Argued and submitted May 7, supplemental judgment reversed and remanded to modify husband's life insurance obligation; otherwise affirmed June 17, 2015

In the Matter of the Marriage of

Ginny Lee MOYER,
*Petitioner-Respondent,*

*and*

Paul Donald MOYER,
*Respondent-Appellant.*

Clackamas County Circuit Court
DR07090587; A156637

353 P3d 48

Kimberly A. Quach argued the cause for appellant. With her on the briefs was Lechman-Su & Quach, PC.

John Moore argued the cause for respondent. With him on the brief were Jonathan H. Johnson and Moore Law Group, P.C.

Before Ortega, Presiding Judge, and Garrett, Judge, and Wollheim, Senior Judge.

PER CURIAM

**PER CURIAM**

Husband appeals the trial court's supplemental judgment modifying spousal support following his retirement, arguing that it should have been eliminated altogether and that his life insurance obligation should have been reduced commensurate with any reduction. Having reviewed the parties' arguments, we conclude that the trial court did not abuse its discretion when it ordered husband to pay stepped-down spousal support.[1] However, the court erred in not reducing husband's life insurance obligation, commensurate with the decrease in spousal support.

The parties divorced in 2008. Among other things, the dissolution judgment required husband to pay wife $1,250 per month in support indefinitely and to maintain a $240,000 life insurance policy to secure his spousal support obligation, with that obligation reducing at the rate of $15,000 per year. After husband retired, his income decreased, and he filed a motion to terminate or modify the obligation. The court ordered husband to pay stepped-down support for three years, after which his obligation would terminate. Though requested, the court did not modify the original judgment's life insurance requirements.

We review the trial court's order to determine if it "reflect[s] the exercise of discretion under the correct methodology" and if it lies "within the range of legally permissible outcomes." *Olson and Olson*, 218 Or App 1, 16, 178 P3d 272 (2008). ORS 107.810 provides:

> "It is the policy of the State of Oregon to encourage persons obligated to support other persons as the result of a dissolution * * * of marriage * * * to obtain or cooperate in the obtaining of life insurance adequate to provide for the continued support of those persons in the event of the obligor's death."

Here, husband's spousal support obligation will decrease and then cease in three years, yet the life insurance he has been required to maintain is meant to secure a larger indefinite award. As the statute requires life insurance "adequate to provide for the continued support * * * in the event

---

[1] We reject husband's third assignment of error without written discussion.

of the obligor's death," the life insurance obligation must be commensurate with the ordered spousal support.[2] Because the trial court did not adjust husband's life insurance obligation when it adjusted the spousal support downward, its decision did not "lie within the range of legally permissible outcomes." *Olson*, 218 Or App at 16.

Supplemental judgment reversed and remanded to modify husband's life insurance obligation; otherwise affirmed.

---

[2] We also note that the life insurance requirement, without adjustment by the trial court, awards wife a large windfall in the event of husband's death, which is antithetical to the public policy underlying ORS 107.810.